UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-14309-CV-MOORE
MAGISTRATE JUDGE REID

WARD LAWRENCE KENYON, et al.

    Plaintiff(s),

v.

DERYL LOAR, et al.,

    Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff **Ward Lawrence Kenyon**, while confined at the Indian River County Jail ("IRCJ"), filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, on behalf of himself and inmates housed at IRCJ during the past ten years, against Sheriff Deryl Loar, Major Selby Strickland, and Captain James Hare ("Defendants"). [ECF No. 1]. This case has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Administrative Order 2019-2. [ECF No. 2].

The Plaintiff's Complaint alleges a widespread denial of access to the law library at IRCJ over the past ten years. *See* [ECF No. 1]. As discussed below, the

Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** pursuant to Fed. R. Civ. P. 23 because Plaintiff cannot bring the instant case as a class action.

## II.  Discussion

Plaintiff's Complaint requests that the Court allow this action to proceed as a class action pursuant to Fed. R. Civ. P. 23. [ECF No. 1 at 17]. The party seeking to maintain the class action bears the burden of demonstrating that all the requirements of Rule 23 have been meet. *See Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181,1187 (11th Cir. 2003). "[T]he general provision permitting parties to proceed *pro se*, [does not provide] 'a personal right that…extend[s] to the representation of the interests of others.'" *Bass v. Benton*, 408 F. App'x 298, 98-99 (11th Cir. 2011) (affirming "dismissal of a portion of a prisoner's complaint seeking relief on behalf of fellow inmates") (citing *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972)). *See also Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008).  More specifically, a *pro se* litigant cannot bring an action on behalf of fellow inmates. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014).

Pursuant to Fed. R. Civ. P. 23(a)(4), it is a prerequisite for class action certification that "the representative party or parties can fairly and adequately protect the interest of the class." Because it is well-settled that a *pro se* plaintiff, acting without legal counsel, cannot be an adequate class representative, Plaintiff cannot fairly and adequately protect the interest of the class. *See Bass*, 408 F. App'x at 298-

99. As such, a class action lawsuit cannot proceed in the instant case.

### III.  Conclusion

Plaintiffs' allegations are improperly brought as a class action pursuant to Fed. R. Civ. P. 23, thus it is **RECOMMENDED** that the Complaint be **DISMISSED**. Here, an amendment would be futile in that any amended complaint would be brought by multiple Plaintiffs and would still be properly dismissed. *See generally Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) (holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Because it is apparent from a review of the Complaint that dismissal with leave to amend is not appropriate, this case should be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the District Court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Ward Lawrence Kenyon**
17-4383
Indian River County Jail
Inmate Mail/Parcels
4055 41st Avenue
Vero Beach, FL 32960
PRO SE