**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 2:20-cv-14309-KMM

WARD LAWRENCE KENYON, *et al.*,

    Plaintiffs,
v.

SHERIFF DERYL LOAR, *et al.*,

    Defendants.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Ward Lawrence Kenyon's Complaint for Violation of Civil Rights "Class Action." ("Compl.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Complaint be DISMISSED and the case CLOSED. ("R&R") (ECF No. 6). Plaintiff filed objections. ("Objs.") (ECF No. 9). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Plaintiff is a prisoner incarcerated at Indian River County Jail. Compl. at 2. Plaintiff alleges that he and other prisoners at the jail have been systematically denied access to the jail's

law library for over a decade. *See generally id.* Accordingly, Plaintiff brings this action on behalf of a class of plaintiffs—presumably his fellow inmates at Indian River County Jail—who have been denied access to "an adequate law library and persons trained in the law." *Id.* at 23.

As set forth in the R&R, Magistrate Judge Reid finds that Plaintiff's Complaint is improperly and impermissibly styled as a class action, in violation of Rule 23 of the Federal Rules of Civil Procedure. R&R at 3. Specifically, Magistrate Judge Reid finds that because Plaintiff is proceeding *pro se*, he may not bring an action on behalf of his fellow inmates. *Id.* at 2. Accordingly, Magistrate Judge Reid recommends that the Complaint be dismissed without leave to amend. *Id.* at 3. This Court agrees.

In the Objections, Plaintiff argues that (1) even if his Complaint is deficient, and he does not *yet* have counsel, the Court need not close the case; (2) he only seeks to bring suit on behalf of "current" inmates, rather than past and future inmates; (3) a judgment in this case will not subject the unnamed Plaintiffs to a bar on future suits by way of *res judicata*; and (4) if the Court certifies his class, "it is unmistakable" that the case would "survive the screening process and not suffer any final adjudication." Objs. at 2–9. In an attempt to circumvent Magistrate Judge Reid's recommendation, Plaintiff also moves for court appointed class counsel and/or referral to the volunteer attorney program. (ECF Nos. 7, 8).[1]

Plaintiff's objections do not challenge any of Magistrate Judge Reid's factual findings, and therefore are not "proper, specific objection[s]." Thus, the Court is not required to conduct a *de*

---

[1] "A civil litigant . . . has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Here, the Court does not find any exceptional circumstances that would require the appointment of counsel. Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff's motions for the Court to appoint class counsel or refer Plaintiff to the volunteer attorney program (ECF Nos. 7, 8) are DENIED.

*novo* review.  *Macort*, 208 F. App'x at 784.  In any event, Plaintiff's arguments are inapposite. The prohibition against *pro se* prisoners bringing claims on behalf of their fellow inmates is not conditioned on issues of claim preclusion, the likelihood of success on the merits, or the definiteness of the purported class.  *See Bass v. Benton*, 408 F. App'x 298, 298–99 (11th Cir. 2011); *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187; *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").  Accordingly, Plaintiff's objections are unpersuasive.

UPON CONSIDERATION of the Complaint, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's Report and Recommendation (ECF No. 6) is ADOPTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED.  The Clerk of Court is instructed to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  29th  day of October, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record